## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VIVIAN PEIKIN**<br>Radnor, PA | **CIVIL ACTION NO. 08-4105** |
| **Plaintiff,** | |
| **v.** | |
| **KIMMEL & SILVERMAN, P.C.**<br>**1930 East Marlton Pike**<br>**Suite Q29**<br>**Cherry Hill, NJ 08003** | |
| **and** | **JURY TRIAL DEMANDED** |
| **CRAIG THOR KIMMEL**<br>New Hope, PA | |
| **and** | |
| **ROBERT M. SILVERMAN**<br>Ambler, PA | |
| **Defendants.** | |

## FIRST AMENDED COMPLAINT

### I.     INTRODUCTION

Plaintiff, Vivian Peikin, brings this action against her former employers,

Kimmel & Silverman, P.C., Craig Thor Kimmel, and Robert M. Silverman.  While

working for Kimmel & Silverman, P.C., Mr. Kimmel, and Mr. Silverman as an

attorney, Plaintiff was discriminated against and subjected to a hostile work

environment because of her sex and her age and retaliated against after she

complained of illegal discrimination in violation of Title VII of the Civil Rights Act

1

of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in

Employment Act, 29 U.S.C. § 621, *et seq.*; and the Pennsylvania Human

Relations Act, as amended, 43 P.S. § 951, *et seq.* Plaintiff seeks damages,

including compensatory, liquidated and punitive damages and all other relief this

Court deems appropriate.

## II.    PARTIES

1.      Plaintiff, Vivian Peikin, is an individual and a citizen of the

Commonwealth of Pennsylvania. She resides in Radnor, Pennsylvania.

2.      Plaintiff is female.

3.      Plaintiff was fifty eight (58) years old at the time of her termination.

4.      Defendant Law Firm is a Pennsylvania professional corporation

with a principal place of business at 30 East Butler Pike, Ambler, Pennsylvania

19002.

5.      Defendant, Craig Thor Kimmel ("Defendant Kimmel") is an

individual and citizen of the Commonwealth of Pennsylvania. He resides in New

Hope, Pennsylvania.

6.      Defendant, Robert Silverman ("Defendant Silverman") is an

individual and citizen of the Commonwealth of Pennsylvania. He resides in

Ambler, Pennsylvania.

7.      Defendant Law Firm is engaged in an industry affecting interstate

commerce and regularly does business in the Commonwealth of Pennsylvania.

8.      At all times material hereto, Defendant Law Firm employed more

than fifteen (15) employees.

9.      At all times material hereto, Defendant Kimmel and Defendant

Silverman were owners and operators of Defendant Law Firm and acted as

employers within the meaning of the statutes which form the basis of this matter.

Defendant Kimmel is President of Defendant Law Firm.  Defendant Silverman is

Secretary and Treasurer of Defendant Law Firm.

10.     At all times material hereto, Defendant Law Firm acted by and

through its authorized agents, servants, workmen, and/or employees acting

within the course and scope of their employment with Defendant Law Firm and in

furtherance of Defendant Law Firm's business.

11.     At all times material hereto, Defendant Law Firm acted as an

employer within the meanings of the statutes which form the basis of this matter.

12.     At all times material hereto, Plaintiff was an employee of Defendant

Law Firm within the meanings of the statutes which form the basis of this matter.

## III.    **JURISDICTION AND VENUE**

13.     The causes of action which form the basis of this matter arise under

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

("Title VII"); the Age Discrimination in Employment Act, as amended, 29 U.S.C.

§621, *et seq.* ("ADEA"); and the Pennsylvania Human Relations Act, as

amended, 43 P.S. § 951, *et seq.*("PHRA").

14.     The District Court has jurisdiction over Count I (Title VII) pursuant

to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

15.     The District Court has jurisdiction over Count II (ADEA) pursuant to

29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

16.     The District Court has supplemental jurisdiction over the causes of action set forth in Count III and Count IV (PHRA) pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in the District Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f).

18.     On or about January 5, 2007, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission, complaining of acts of discrimination and retaliation alleged herein.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint (with minor redactions for purposes of electronic filing of confidential/identifying information).

19.     On or about September 26, 2007, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

20.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     **FACTUAL ALLEGATIONS**

21.     In or about July 1999, Plaintiff was hired by Defendant Law Firm as an Associate Attorney.  At various times throughout her employment, Plaintiff reported directly to Defendant Kimmel and Defendant Silverman jointly or to either Defendant Kimmel or Defendant Silverman separately at different times.  At other times throughout her employment, Plaintiff reported directly to

Jacqueline Herritt, Managing Attorney, who in turn reported to Defendant Kimmel and/or Defendant Silverman.

22.     At all times material hereto, Plaintiff was the oldest female attorney at Defendant Law Firm.   Only two (2) other attorneys, Barry Winderman (male) and Ira Smades (male) were over the age of fifty (50).

23.     At all times material hereto, Plaintiff performed her duties in a highly competent manner.

24.     Plaintiff was discriminated against and subjected to a hostile work environment because of her sex and her age by members of management of Defendant Law Firm, including Defendant Kimmel and Defendant Silverman; such conduct included, but was not limited to, Defendant Kimmel and Defendant Silverman:

> (a)     Regularly engaging in sexual relationships with subordinate female employees who were substantially younger than Plaintiff;
>
> (b)     Openly giving preferential treatment to female employees with whom they were engaged in sexual relationships;
>
> (c)     Excluding Plaintiff from meetings and office parties;
>
> (d)     Slamming doors in Plaintiff's face when she tried to join meetings;
>
> (e)     Screaming at Plaintiff in front of employees of Defendant Law Firm in a severely hostile and aggressive manner;
>
> (f)     Being overly and unjustly critical of Plaintiff, both personally

and professionally;

(g)     Joking about the fact that an Associate Attorney ate his breakfast on a desk where another associate had had sex with a secretary during a party the previous evening; and,

(h)     Assigning approximately six (6) female attorneys to share space at one (1) conference table in the basement of Defendant Law Firm's Ambler, Pennsylvania location due to lack of space but ensuring that male attorneys had space in the main office in which to work.

25.     The hostile work environment based on her sex and her age to which Plaintiff was subjected also included, but was not limited to, Defendant Kimmel:

(a)     Sticking his hand down the pants of a female Associate Attorney at a party at Defendant Law Firm in full view of employees; and,

(b)     Sexually harassing a Paralegal and erasing e-mails on her computer that he sent to her which included inappropriate and sexually-based comments.

26.     The hostile work environment based on her sex and her age to which Plaintiff was subjected also included, but was not limited to, Defendant Silverman:

(a)     Taking Plaintiff and other attorneys to a strip club and purchasing lap dances for female attorneys during a

convention in New Orleans;

(b)    Offering an Associate Attorney one thousand dollars ($1,000) to expose his penis during dinner with other employees of the Law Firm while at a conference in San Francisco;

(c)    Calling Plaintiff up to his office with a balcony overlooking the rest of Defendant Law Firm and screaming at her so that the entire office could hear him; and,

(d)    Throwing paperclips at Plaintiff from his balcony.

27.    On or about September 13, 2006, Plaintiff received an extremely hostile e-mail from Defendant Kimmel that questioned her integrity, her loyalty and her professionalism without any legitimate basis to do so.

28.    After receiving Defendant Kimmel's e-mail, Plaintiff complained to Defendant Silverman that she was being discriminated against and subjected to a hostile work environment.  Defendant Silverman told Plaintiff to speak with Defendant Kimmel regarding her complaint.

29.    Within thirty (30) minutes after Plaintiff complained to Defendant Silverman, Defendant Kimmel contacted her and instructed her to come to his office.  When she arrived, Defendant Kimmel told her that he understood from Defendant Silverman that she had complained that she was being discriminated against and subjected to a hostile work environment.  Defendant Kimmel then berated Plaintiff for her complaint and verbally attacked her.  Such conduct included, but was not limited to, Defendant Kimmel stating that:

(a)     Plaintiff was a "bitter woman" with a "happy-go-lucky" attitude that was fake;

(b)     He could not blame Plaintiff for being "bitter" about her son (who passed away at age twenty-three), but that he knew why her husband had left her;

(c)     He knew why Plaintiff was divorced;

(d)     He never wanted to be where Plaintiff was;

(e)     Plaintiff did not "have [his] back," and that if she was a "friend," she would "stand up" for him;

(f)     Plaintiff was "passive-aggressive;"

(g)     Plaintiff tried to get out of doing work;

(h)     He was not interested in what Plaintiff had to say;

(i)     Plaintiff was not permitted to talk to him anymore;

(j)     Plaintiff never invited him to her house;

(k)     Everyone hated Plaintiff; and,

(l)     Plaintiff had no reason to question his behavior when other inappropriate behavior of a sexual nature was occurring in the office.  Defendant Kimmel said that he was referring to the fact that Defendant Silverman was "fucking" another female attorney in the office early in the morning.

30.     On or about October 20, 2006, Plaintiff was terminated and was not given a reason for her termination.  She was advised of her termination by Ms. Herritt.

8

31.     Plaintiff was the oldest female attorney at Defendant Law Firm and was the only attorney who was terminated at that time.

32.     At the time of Plaintiff's termination, the approximate age of the next oldest female attorney at Defendant Law Firm's Ambler, Pennsylvania and Cherry Hill, New Jersey locations was thirty-five (35), (twenty-three (23) years younger than Plaintiff).

33.     Plaintiff was replaced by a twenty eight (28) year old male attorney who had not complained of discrimination, Fred Davis, whom she had helped train when he was hired in or about summer 2006.   Mr. Davis was approximately thirty (30) years younger than Plaintiff and less qualified than she was.

34.     Plaintiff's sex was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, in the creation of the hostile work environment to which Plaintiff was subjected, and in the retaliatory termination of Plaintiff.

35.     Plaintiff's age was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, in the creation of the hostile work environment to which Plaintiff was subjected, and in the retaliatory termination of Plaintiff.

36.     Plaintiff's complaining of discrimination and a hostile work environment was a motivating and/or determinative factor in Defendants' discriminatory and retaliatory treatment of Plaintiff, in the creation of the hostile work environment to which Plaintiff was subjected, and in the retaliatory termination of Plaintiff.

37.     The retaliation that Plaintiff suffered might have dissuaded a reasonable employee from making or supporting a claim of discrimination.

38.     Defendants failed to prevent or address the harassing, discriminatory, and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of harassing, discriminatory and retaliatory conduct.

39.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, and the hostile work environment to which she was subjected, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

40.     The conduct of Defendants, as set forth above, was severe or pervasive enough to make a reasonable woman and a reasonable older employee believe that the conditions of employment are altered and the working environment is hostile or abusive.

41.     The conduct of Defendants, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management, and warrants the imposition of punitive damages against Defendant Law Firm.

42.     The conduct of Defendants, as set forth above, was willful and intentional.

## COUNT I

### Plaintiff v. Defendant Law Firm - Title VII

43.     Plaintiff incorporates herein by reference paragraphs 1 through 42 above, as if set forth herein in their entirety.

44.     By committing the foregoing acts of harassment, discrimination and retaliation against Plaintiff, Defendant Law Firm has violated Title VII.

45.     Said violations were willful and intentional and warrant the imposition of punitive damages.

46.     As a direct and proximate result of Defendant Law Firm's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein, and has incurred attorney's fees and costs.

47.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Law Firm's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT II

### Plaintiff v. Defendant Law Firm - ADEA

48.     Plaintiff incorporates herein by reference paragraphs 1 through 47 above, as if set forth herein in their entirety.

49.     By committing the foregoing acts of harassment, discrimination and retaliation against Plaintiff, Defendant Law Firm has violated the ADEA.

50.     Said violations were willful and warrant the imposition of liquidated damages.

51.      As a direct and proximate result of Defendant Law Firm's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein, and has incurred attorney's fees and costs.

52.      Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Law Firm's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT III

### Plaintiff v. Defendant Law Firm - PHRA

53.      Plaintiff incorporates herein by reference paragraphs 1 through 52 above, as if set forth herein in their entirety.

54.      By committing the foregoing acts of harassment, discrimination and retaliation against Plaintiff, Defendant Law Firm has violated the PHRA.

55.      Said violations were intentional and willful.

56.      As a direct and proximate result of Defendant Law Firm's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

57.      Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant Law Firm's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

## COUNT IV

### Plaintiff v. Defendant Kimmel and Defendant Silverman - PHRA

58.    Plaintiff incorporates herein by reference paragraphs 1 through 57 above, as if set forth herein in their entirety.

59.    By committing the foregoing acts of harassment, discrimination and retaliation, Defendant Kimmel and Defendant Silverman have violated the PHRA.

60.    By committing the foregoing acts of harassment, discrimination, and retaliation against Plaintiff, and by failing to prevent, stop, or remedy the discriminatory and retaliatory behavior to which she was subjected, Defendant Kimmel and Defendant Silverman aided and abetted Defendant Law Firm's violation of the PHRA.

61.     As a direct and proximate result of Defendant Kimmel and Defendant Silverman's violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

62.    Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant Kimmel and Defendant Silverman's harassing, discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff seeks damages and equitable relief to the extent that she has been harmed by Defendants' conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(c)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' discriminatory and retaliatory conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' discriminatory and retaliatory conduct;

(h)     awarding punitive damages to Plaintiff under Title VII;

(i)     awarding liquidated damages to Plaintiff under the ADEA;

(j)     awarding Plaintiff such other damages as are appropriate under Title VII, the ADEA and the PHRA;

(k)     awarding Plaintiff the costs of suit, expert fees and other

disbursements, and reasonable attorney's fees; and,

(l)     granting such other and further relief as this Court may deem

just, proper, or equitable including other equitable and injunctive

relief providing restitution for past violations and preventing future

violations.

**CONSOLE LAW OFFICES LLC**

Dated:  _9/10/08_                         BY: _____

Stephen G. Console, Esquire
Laura C. Mattiacci, Esquire
Jennifer Grissom, Esquire
1525 Locust St., 9th Floor
Philadelphia, PA 19102
Console@consolelaw.com
Mattiacci@consolelaw.com
Grissom@consolelaw.com
(215) 545-7676
(215) 545-8211 (fax)

Attorneys for Plaintiff,
Vivian Peikin

# EXHIBIT 1

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

**COMPLAINT**

COMPLAINANT,                                 :

VIVIAN PEIKIN,                               :

     v.                                         :                    Docket No. _____

RESPONDENTS,                                 :

KIMMEL & SILVERMAN, PC                       :

    and                                        :

CRAIG THOR KIMMEL                            :

    and                                        :

ROBERT SILVERMAN                             :

                                     :

1.    The Complainant herein is:

       Name:    <u>Vivian Peikin</u>

       Address:   ███████████████

               <u>Radnor, PA 19087</u>

2.     The Respondents herein are:

Names                          Addresses

Kimmel & Silverman, PC          East Butler Pike
                               Ambler, PA 19002


Craig Thor Kimmel               East Butler Pike
c/o Kimmel & Silverman, PC       Ambler, PA 19002

Robert Silverman                East Butler Pike
c/o Kimmel & Silverman, PC       Ambler, PA 19002

3.     I, Vivian Peikin, the Complainant herein, allege that during my
employment, including through my termination on or about October 20, 2006, the
Respondents discriminated against me based on my: **age (xx); sex (xx);**
handicap/perceived handicap ( ); race ( ); and/or other ( ), and **retaliated**
against me, as set forth below:

       **A. I specifically allege:**

       [1]     I became employed by Respondent in or about July 1999, in the
position of Associate Attorney in Respondent's Ambler, Pennsylvania office.  At
times during my employment, I reported directly to Jacqueline Herritt, Managing
Attorney.  Ms. Herritt reported directly to Respondent Craig Thor Kimmel and
Respondent Robert Silverman, founders and partners of Respondent Kimmel &
Silverman, PC.  During the course of my employment, I performed my duties in a
highly competent manner.

[2]     Respondent engaged in inappropriate and offensive conduct which created a hostile environment based on my sex and my age.  Examples of such conduct include the following:

a)     Certain male members of management regularly engaged in sexual relationships with substantially younger, subordinate, female employees. These male members of management gave preferential treatment to the younger females who engaged in sexual relationships with them.  Until Barry Winderman, sixty (60) years of age, was hired, I was the oldest attorney at Respondent.  I have never engaged in a sexual relationship with anyone at the office;

b)     I was treated in a hostile manner, which included, but was not limited to:

1)     being excluded from meetings and office parties;

2)     doors being slammed in my face when I tried to join the same;

3)     being screamed at publicly in a severely hostile and aggressive manner; and,

4)     being overly and unjustly criticized personally and professionally;

c)     On or about September 13, 2006, I received an extremely hostile e-mail from Respondent Kimmel questioning my integrity, loyalty and professionalism without any legitimate basis to do so;

d)     Shortly after receiving Respondent Kimmel's e-mail, I complained to Respondent Silverman that I felt I was being subjected to a hostile

work environment and explained the treatment that I had been receiving from Respondent Kimmel.  Respondent Silverman directed me to talk to Respondent Kimmel directly about my complaint;

e)      Approximately thirty (30) minutes after my conversation with Respondent Silverman, Respondent Kimmel called me on the telephone and told me to come to his office.  When I arrived at his office, he began berating me for my complaint about a hostile work environment and verbally attacked me, which included, but was not limited to, the following comments:

1)      He said that I am a "bitter woman" with a "happy-go-lucky" attitude that was fake;

2)      He said that I was "bitter" about my children and my divorce;

3)      He said that he couldn't blame me for being "bitter" about my son (who passed away at age 23) but that he knew why my husband left me;

4)      He said that he knew why I was divorced;

5)      He said that he never wanted to be where I was;

6)      He said that I didn't "have [his] back," and that if I was a "friend" I would "stand up" for him;

7)      He said that I was "passive-aggressive;"

8)      He said that I try to get out of doing work;

9)      He said that he was not interested in what I had to say;

10) He said that I was not permitted to talk to him any more;

11) He said that I have never invited him to my house;

12) He said that everyone hates me; and,

13) He said that I had no reason to question his behavior when other inappropriate behavior of a sexual nature was occurring in the office.

f)   Within days of Respondent Kimmel's retaliatory rant after I complained about a hostile work environment, on or about October 20, 2006, Ms. Herritt and Robert Rapkin, Senior Associate in charge of Respondent's Pennsylvania team, called me into Ms. Herritt's office in Respondent's Ambler, Pennsylvania office and told me that I was terminated. I was not given a reason for my termination;

g)   Upon information and belief, I was replaced by a twenty-eight (28) year old male attorney who had been hired in or about the summer of 2006, whom I had helped to train and who had not complained of discrimination; and,

h)   At the time of my termination, the next oldest female attorney in Respondent's Ambler, Pennsylvania and Cherry Hill, New Jersey locations was twenty-two (22) years my junior, at age thirty-five (35). Mr. Winderman is the only other attorney at these locations who is over the age of fifty (50). I was the only female attorney over the age of fifty (50) reporting to Ms. Herritt and Mr. Rapkin.

[3]      Respondents have not provided an explanation for: the inappropriate conduct of Respondents Kimmel and Silverman; allowing a sex-based hostile work environment to exist; failing to prevent such harassment and retaliation from happening in the workplace; its failure to properly investigate my complaints; and failing to take appropriate remedial action in response to my complaints.

[4]      Respondent Kimmel & Silverman, PC has ineffective and/or insufficient policies concerning discrimination, hostile work environment and retaliation.

[5]      Respondents Kimmel and Silverman aided and abetted the discrimination, harassment, retaliation and creation of a hostile work environment.

B.      Based on the aforementioned, I allege that Respondents have discriminated against me based on my sex (female) and age, retaliated against me and subjected me to harassment and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"), and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.* ("PHRA"), including, without limitation, as set forth herein.

C.      I further allege that Respondent Kimmel & Silverman, PC has established a pattern and practice of discriminating against older and/or female employees, tolerating improper conduct on the part of Respondents Kimmel and

Silverman toward older and/or female employees, tolerating discrimination and harassment in the workplace and allowing a hostile work environment to exist for older and/or female employees. I am aware that I am not the only older and/or female employee to have been subjected to discrimination, harassment and a hostile work environment while employed by Respondent Kimmel & Silverman, PC.

In that regard, I bring this Complaint as a Class Complaint on behalf of myself and all similarly situated former or current older (over the age of 40), female employees who have been adversely affected in the terms and conditions of their employment based on their sex and/or age and/or have been subjected to a hostile work environment because of their sex and/or age.

     **D.**    The allegations in paragraph 3 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

     <u>X</u>    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):** <u>**(a)**</u>

    \_\_\_    Section 5.1 Subsection(s)_____

    \_\_\_    Section 5.2 Subsection(s)_____

    \_\_\_    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766 as amended). Section 4 Subsection(s)

    _____

4.    Other action based on the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

    <u>X</u>  **This charge has been filed with the EEOC on or about November 28, 2006 for the purpose of dual filing.**

5.   The Complainant prays that the respondents be required to:

    (a)   Make the Complainant whole.

    (b)   Eliminate all unlawful discriminatory practice(s) and procedures(s).

    (c)   Remedy the discriminatory effect of past practice(s) and procedure(s).

    (d)   Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

    (e)   Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief.  I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

*1.3.07.*

(Date Signed)

(Signature)   VIVIAN PEIKIN

███████████████

Radnor, PA 19087

# EXHIBIT 2

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Vivian Peikin

Radnor, PA 19087

From: Equal Employment Opportunity Commission
Philadelphia District Office
01 Market Street, Suite 1300
hiladelphia, PA  19107-3127

**Received**

SEP 2 6 2007

Console Law
Offices LLC

[      ]   *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2007-61093 | Legal Unit | 215-440-2828 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.  Otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[  X  ]   More than 180 days have passed since the filing of this charge.

[      ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[  X  ]   The EEOC is terminating its processing of this charge.

[      ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[  X  ]   The EEOC is closing your case.  Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[      ]   The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marie M. Tomasso, District Director

*September 24, 200* 

*(Date Mailed)*

Enclosure(s)

cc:   Kimmel & Silverman, P.C.
Laura C. Mattiacci, Esquire (for Charging Party)
Jennifer Myers Chalal, Esquire (for Respondent)